UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEONARD LABADIE,

        Plaintiff,

-vs-                                Case No. 1:07-cv-480

IONIA COUNTY SHERIFF DWAIN          Hon. Joseph G. Scoville
DENNIS, et al.,

        Defendants.
_____/

## <u>MEMORANDUM OPINION</u>

      This is a civil rights action brought by a former inmate of the Ionia County Jail under 42 U.S.C. § 1983. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs during periods of weekend confinement in the jail from August 31st until December 15, 2005. Plaintiff alleges that defendants denied him access to necessary prescription medication, ultimately causing plaintiff to suffer seizures, a closed head injury, and other personal injuries. The court conducted a case management conference on August 8, 2008, and established a number of deadlines. Relevant to the issues now before the court, the Case Management Order required plaintiff to make his Rule 26(a)(1) disclosures no later than September 8, 2008, required disclosure of reports by plaintiff's testifying experts no later than October 1, 2008, under Rule 26(a)(2)(B), and established a discovery deadline of March 1, 2009.

      Presently pending before the court is a motion by Defendant Kris Poff to compel plaintiff to make certain disclosures and to comply with discovery obligations. Defendant Poff alleges that (1)

plaintiff has failed to answer interrogatories served on October 6, 2008; (2) has failed to identify lay witnesses and testifying experts in the manner required by the Case Management Order; (3) plaintiff has failed to provide medical records from specific medical professionals or institutions or, alternatively, failed to sign medical releases for these records;(4) has failed to provide expert witness reports as required by Rule 26(a)(2)(B); and (5) has failed to provide dates for taking of plaintiff's deposition. For relief, Defendant Poff seeks an order compelling each item of disclosure or discovery. This court issued a notice of motion hearing on December 1, 2008, scheduling defendant's motion for hearing on December 22, 2008, and requiring plaintiff to file a response to the motion no later than December 18, 2008. Plaintiff has failed to file a response to the motion within the time allowed by this court's notice or the local rules. The court therefore determines that no oral argument will be held on the motion. *See* W.D. Mich. LCivR 7.3(d). For the reasons set forth below, Defendant Poff's motion will be granted in part and denied in part.

I.

The record now before the court shows that Defendant Poff served her First Set of Interrogatories by first class mail on the 6th of October, 2008. Defendant Poff alleges that as of the date she filed her motion, plaintiff had not submitted responses to these interrogatories. This conclusion is born out by the docket sheet in this matter, which does not reflect that plaintiff filed a proof of service demonstrating that he submitted interrogatory answers to Defendant Poff. Rule 33(b)(2) of the Federal Rules of Civil Procedure requires a party to respond to interrogatories within 30 days after being served. The answers must be submitted under oath, Fed. R. Civ. P. 33(b)(3), and the responding party is obliged to file a proof of service with the court. W.D. Mich. LCivR 5.3(a). Under Rule 37(a)(3)(B)(iii), defendant is entitled to move for an order compelling answers to the

interrogatories. As plaintiff has not demonstrated his compliance with his discovery obligation or advanced any reasonable excuse for this failure, the court will order plaintiff to serve upon defense counsel complete answers to all outstanding interrogatories, under oath, no later than January 12, 2009. All objections are deemed waived by plaintiff's failure to respond in a timely manner. *See Chao v. Oriental Forest IV, Inc.*, 2008 WL 4838230 (W.D. Mich. Nov. 6, 2008); *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 337 (E.D. Ky. 2006).

## II.

Defendant Poff asserts that plaintiff's disclosures under Rule 26(a)(1) fail to comply with the requirements of the rule and with this court's Case Management Order. The court has reviewed plaintiff's disclosure, which is appended to defendant's motion as Exhibit 1. Upon review of plaintiff's disclosure, the court agrees that the disclosure is inadequate.

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to provide to the other parties the following information, among others:

> [T]he name, and if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i). In violation of the rule, plaintiff has merely provided a list of names. Plaintiff has failed to provide the address and telephone number of each individual and, more importantly, the subjects of discoverable information that each individual is believed to possess. Plaintiff may not know the address and telephone number of each individual, but it appears to the court to be virtually impossible that plaintiff cannot find *any* addresses or telephone numbers of his own witnesses. Furthermore, plaintiff must have at least some idea concerning the subjects of

3

information for each named individual, or else plaintiff would not have listed the person as a possible witness.  Other disclosures are even more insufficient.  Plaintiff lists generic categories of persons, such as "all members of plaintiff's family," or "all investigating persons."  This is patently insufficient and amounts to a non-disclosure.

Plaintiff's identification of testifying experts is likewise lacking.  Rule 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present" expert testimony.  The court's Case Management Order goes further, requiring the "name, address, and area of expertise" of all testifying experts (CMO, Docket No. 50, p. 1).  Plaintiff has identified two doctors by name, but provides no address or area of expertise beyond a generic description of the doctors as "treating physician/medical expert."  Such a vague description is not a good faith effort to identify the doctor's "area of expertise."  Plaintiff will therefore be required to comply with the rule and the Case Management Order by providing address and area of expertise for all testifying expert witnesses.

Rule 37(a)(3)(A) empowers the court to compel a proper disclosure.  Plaintiff will be ordered to supplement his Rule 26(a)(1) disclosures as outlined above no later than January 12, 2009.

III.

Defendant Poff next complains that plaintiff has failed to provide records from treating physicians, institutions, and pharmacies, suggesting that the obligation to do so arises under Rule 26(a) of the Federal Rules of Civil Procedure.  In this respect, defendant is not necessarily correct.  The disclosure requirements of Rule 26(a) oblige a party to disclose documents and other things in his possession that the party "may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  The rule therefore does not require wholesale disclosure of all documents that may

4

be relevant to a case, but only those documents that the disclosing party may use to support its case in chief.  Other medical records would be the subject of discovery under Rule 34, but not disclosure.

At this stage of the case, it is impossible for the court to know which medical records plaintiff will rely on to support his case in chief.  Therefore, the court cannot fashion any relief under Rule 26(a).  Nevertheless, defense counsel did make a specific, written request for the production of medical records by letter dated October 3, 2008 (Motion, Docket No. 56, Ex. 3).  The record does not disclose that plaintiff has complied with this Rule 34 request.  The only response in the record is a letter dated October 28, 2008, from plaintiff's counsel, in which he demands that defense counsel prepare authorizations to be signed by his client.  This is hardly a model of good faith compliance with discovery obligations.

Plaintiff will be required, at his own expense, to procure all medical records identified in defense counsel's letter of October 3, 2008, and to produce them for inspection and copying no later than January 26, 2009.  Plaintiff's failure to comply with this order may result in the imposition of sanctions.  Furthermore, any medical record not produced as required by this order will be excluded from plaintiff's case-in-chief at trial and motion practice, as required by Rule 37(c)(1) of the Federal Rules of Civil Procedure.

IV.

Defendant alleges that plaintiff has failed to provide an expert witness report from all testifying experts by the October 1, 2008, deadline, in violation of the Case Management Order and Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  This issue is not as simple as defendant would have it.  Rule 26(a)(2)(B) does not require production of an expert witness report by all testifying experts, but only those witnesses "retained or specially employed to provide expert

5

testimony." It is now well settled that treating physicians are generally not covered by this requirement, because they were not retained for the purpose of providing expert testimony, but for the purpose of providing medical treatment. *See, e.g., Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007). Consequently, a treating physician is allowed to testify concerning the scope and course of treatment, as well as any expert medical opinions that the doctor has necessarily formed in the scope of that treatment. *See, e.g., Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 557 (S.D. Ind. 2003) (treating physician allowed to testify concerning causation, diagnosis, and prognosis without necessity of filing expert witness report). The requirements of the rule only apply to a treating physician when the physician will be called upon to testify at trial concerning an opinion that transcends the scope of the opinions that the physician would naturally form in the course of treatment. *See Fielden*, 482 F.3d at 870-71.

Under the foregoing authorities, plaintiff is not required to provide an expert witness report from Drs. Atto and Ghadai, who were treating physicians, as long as the scope of their expert testimony does not stray from those issues naturally comprehended within the course of their treatment of plaintiff. These witnesses would be required to file an expert report only to the extent that their opinions crossed the line recognized by the Sixth Circuit in the *Fielden* case. It is unclear to the court whether any of the other persons identified on plaintiff's witness list was specially employed to provide expert testimony in this case. Therefore, when providing an amended Rule 26(a) disclosure on or before January 12, 2009, plaintiff will be required to identify expressly any testifying expert witness, beyond the two doctors mentioned above. Expert witness reports conforming to the requirements of Fed. R. Civ. P. 26(a)(2)(B) will be required of those witnesses

6

within 14 days thereafter.  The preclusive sanction of Rule 37(c)(1) will apply to any specially retained expert who has not provided an expert witness report.

V.

Finally, defendant complains that plaintiff's counsel has failed to produce his client for deposition, despite repeated requests.  Defense counsel does not need the court's intervention at this stage.  The rules allow defense counsel to serve a notice of a taking of plaintiff's deposition, specifying a reasonable time for the deposition.  Fed. R. Civ. P. 30(b)(1).  Although this court generally expects counsel to attempt agreement on deposition dates, an attorney need not wait forever if opposing counsel is unresponsive.  Defendant may therefore schedule plaintiff's oral deposition upon reasonable notice.  Although plaintiff may move for a protective order if the date proves impossible, plaintiff's history of delay and neglect in this case would impose upon him a significant burden to prevail on such a motion.  It therefore behooves plaintiff's counsel to contact defense counsel instantly to attend to this long neglected matter.

The record shows that plaintiff has neglected his obligations under the Case Management Order and the Federal Rules of Civil Procedure.  Furthermore, when defendant brought this matter to the court's attention by motion, plaintiff ignored the motion and failed to raise with the court any excuse or justification, despite being notified of his opportunity to do so.  In these circumstances, reasonable, progressive sanctions are in order.  The court will impose monetary sanctions against plaintiff in the amount of Five Hundred Dollars ($500), payable no later than January 12, 2009, to counsel for Defendant Poff.  This sanction is designed to compensate defendant for a part of the expense and delay occasioned by plaintiff's neglect of his obligations.  *See* Fed. R. Civ. P. 37(a)(5)(A).  Plaintiff has not advanced any reason for the court to believe that this history of neglect

was substantially justified or that an award of expenses might be unjust. *Id.* Furthermore, the court will warn plaintiff that any further discovery neglect may lead to the imposition of more severe sanctions.

Dated:  December 23, 2008              /s/ Joseph G. Scoville_____
                                      United States Magistrate Judge